Donald W. Biggs, Esq.
O'Connell & Aronowitz, P.C.
Attorneys for Debtor
206 West Bay Plaza
Plattsburgh, New York 12901

Nicholas S. Priore, Esq.
Getnick Livingston Atkinson Gigliotti
 & Priore, LLP
Attorneys for HSBC Bank, USA, NA
258 Genesee Street
Utica, New York 13502

Re:   Kirk L. and Patricia J. Herse
      Chapter 12 Case No. 06-62514

## LETTER-DECISION AND ORDER

The Court has before it a motion filed by O'Connell and Aronowitz, P.C. ("O'Connell") which seeks, *inter alia*, the approval of fees and expenses in connection with O'Connell's representation of the above named Debtors during the period 10/17/06 through 9/18/07.[1]

While the Court has reviewed the contemporaneous time records filed by O'Connell and finds no reason to disallow any portion of the 16.40 hours devoted to its post appointment representation of the Debtors, the Court notes that O'Connell also seeks reimbursement for "Advances" made to Thomas P. Hughes, Esq. ("Hughes") totaling some $772, apparently for services rendered by Hughes in appearing for O'Connell on two occasions during the course of

---

[1] The motion, brought on by an Order to Show Cause dated September 6, 2007, also sought the Court's permission to allow O'Connell to be relieved of its representation of the Debtors. That portion of the motion was granted by an Order dated October 4, 2007.

2

O'Connell's representation of the Debtors.[2]

The Court believes that this request for reimbursement of what are essentially "appearance fees" paid to an attorney who bears no professional relationship to a debtor's appointed counsel presents an issue of first impression for the Court. It would appear that consideration of O'Connell's request implicates two sections of the Bankruptcy Code (11 U.S.C. §§ 101-1532) ("Code"), specifically Code §§ 327 and 504. The latter section generally prohibits the sharing of compensation by attorneys in a bankruptcy case unless they are "[a] member, partner or regular associate in a professional association, corporation, or partnership." Code § 504(b)(1). While an appearance fee may not technically fit the definition of fee sharing, it would appear to run afoul of Code § 504's underlying premise that compensation paid out of the bankruptcy estate in connection with the bankruptcy case may not end up in the pockets of a professional who has not been qualified, whether individually or as a member of a firm, by a bankruptcy court to render those services. That then implicates Code § 327(a) which requires an application to the bankruptcy court in which the proposed appointee documents his/her disinterestedness, as well as any potential conflicts of interest. To allow the payment of compensation out of funds of the estate to an attorney who has failed to establish compliance with the criteria set out in either of the foregoing sections under the guise of an "appearance fee" subverts the entire scheme of allowable compensation provided for in the Bankruptcy Code. In addition, the appearance by an attorney who is not otherwise affiliated with a debtor's counsel of record without full disclosure to and consent from the debtor prior to the appearances raises ethical considerations under the applicable code of professional conduct. *See*

---

[2] Hughes, to the best of this Court's knowledge, was in no way affiliated with O'Connell during the time period reflected in O'Connell's contemporaneous time records.

3

New York Code of Professional Responsibility DR 2-107. *See also In re Wright*, 290 B.R. 145 (Bankr. C.D. Cal., 2003); *In re Greer*, 271 B.R. 426 (Bankr. D. Mass., 2002). The reality that the bankruptcy estate may have benefitted from the appearances, or that it was a less costly exercise than having an appearance by appointed counsel who may be located at a significant distance from the court, cannot justify the subversion of the clear requirements of the Bankruptcy Code.

Accordingly, the Court will allow fees to O'Connell in the sum of $2,870 and reimbursement of expenses in the sum of $67.62, but will deny any reimbursement for the amount paid to Hughes. The Court notes that O'Connell received a retainer from the Debtors in the sum of $3,000, of which the Court previously permitted O'Connell to apply the sum of $729 to pre-petition legal fees and disbursements, leaving the sum of $2,271 to be credited against the fees and expenses awarded herein.[3]

IT IS SO ORDERED

Dated at Utica, New York

this 17th day of October 2007

/s/   Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge

---

[3] The Court notes that in seeking its appointment, O'Connell submitted an Application of the Debtors which noted, at paragraph 5, as follows: "On October 11, 2006, the Debtors paid O'Connell and Aronowitz an amount of $3000 of which $3000 has been partially applied to pre-petition services and filing fees pursuant to the terms of a retainer letter, dated October 31, 2006." On January 24, 2007, at the Court's direction, O'Connell filed a report which itemized its actual pre-petition services and disbursements. At a hearing before the Court on January 30, 2007, it orally approved the total sum of $729. No written order memorializing that award has ever been submitted.

4